IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY FAIR,                                    No. C 16-5712 CW

      Plaintiff,                              (Docket No. 48)

   v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

      Defendants;

STEVEN DAHLEN,                                  No. C 16-5714 CW

      Plaintiff,                              (Docket No. 19)

   v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

      Defendants;

PHILLIP MARINO,                                 No. C 16-6367 CW

      Plaintiff,                              (Docket No. 10)

   v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

      Defendants;

AARON SMITH,                                    No. C 16-6382 CW

      Plaintiff,

   v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

      Defendants;

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

JOSHUA HEATH,                                    No. C 17-418 CW

        Plaintiff,

     v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

        Defendants.

_____/              ORDER ON MOTIONS
                                                TO DISMISS

     Before the Court are multiple motions to dismiss.[1]  In

Dahlen, No. 16-cv-5714, Defendant Experian Information Solutions,

Inc. moves to dismiss (Docket No. 19).  Dahlen has filed an

opposition and Experian has filed a reply.  In Marino, No. 16-cv-

6367, Defendant RoundPoint Mortgage Servicing Corporation moves to

dismiss (Docket No. 10).  Marino has filed an opposition and

RoundPoint has filed a reply.  After these cases were

consolidated, Experian also moved to dismiss Marino's Complaint,

simply incorporating by reference the motions to dismiss that it

_____

     [1] At the hearing on these motions, Plaintiffs' attorney moved
to dismiss Fair, No. 16-cv-5712, with prejudice, terminating
motions to dismiss filed by Defendants Experian Information
Solutions, Inc. (Docket No. 20), Equifax, Inc. (Docket No. 23) and
Verizon Wireless Services, LLC (Docket No. 36) in that case;
Smith, No. 16-cv-6382, was also dismissed with prejudice,
terminating a motion to dismiss filed by Defendant Bank of
America, N.A. (Docket No. 28), rendering moot Bank of America's
Request for Judicial Notice (Docket No. 29) in that case, and
terminating the motion to dismiss filed by Experian against Smith
in Fair (Docket No. 48).  Heath filed his Complaint on January 26,
2017, and it was consolidated on February 2.  On March 22, Heath
settled with Defendant USCB, Inc., leaving only Experian as a
Defendant.  Experian's response to Heath's Complaint is currently
due April 3.

filed in <u>Fair</u> and <u>Dahlen</u> (Docket No. 48).  Having considered the parties' papers and oral argument, the Court GRANTS Defendants Experian and RoundPoint's Motions to Dismiss and grants leave to amend.

<center>BACKGROUND</center>

The Complaints of Plaintiffs Dahlen and Marino are nearly identical and the Court summarizes their allegations here.  Dahlen filed for Chapter 13 bankruptcy in October 2012 and Marino did so in June 2014.  Chapter 13 of the Bankruptcy Code allows individuals receiving regular income to obtain relief from their debts under a repayment plan that, if confirmed and fully carried out, discharges the individual's debts according to the plan. <u>Bullard v. Blue Hills Bank</u>, 135 S. Ct. 1686, 1690 (2015). Dahlen's plan was confirmed in January 2013 and Marino's plan was confirmed in August 2014.  Neither Plaintiff alleges that he has successfully paid off his debts or that his debts have been discharged.  Dahlen alleges that, under his plan, unsecured creditors are allowed a zero percent disbursement of their filed claims; Marino alleges 10.22 percent.

Both Plaintiffs ordered a three-bureau credit report from Experian in March 2016.  Dahlen noticed that six different account descriptions on his report contained "inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards" and, specifically, that the documents "continued to report Plaintiff's accounts with past due balances," inaccurate balances, or accounts in collections or charged off. <u>Dahlen</u>, No. 16-cv-5714, Docket No. 1, Compl. ¶ 93.  Marino noticed that three different account descriptions on his report stated

<center>3</center>

**United States District Court**
For the Northern District of California

past due or inaccurate balances.  <u>Marino</u>, No. 16-cv-6367, Docket
No. 1, Compl. ¶ 106.

   Both Plaintiffs disputed these alleged inaccuracies by mail
with the three consumer reporting agencies (CRAs) Experian,
Equifax, and TransUnion, LLC.  Both Plaintiffs' letters stated
that they had filed for bankruptcy and that their creditors were
"not reporting the bankruptcy accurately or worse not at all;"
"requested each Creditor investigate the proper way to report
Plaintiff's bankruptcy;" and noted that they believed that after
they filed for bankruptcy their accounts should not be reported
with past due balance or any late payments, or as charged off,
sold or transferred.  <u>Dahlen</u>, No. 16-cv-5714, Docket No. 1, Compl.
¶ 95; <u>Marino</u>, No. 16-cv-6367, Docket No. 1, Compl. ¶ 108.  Both
Plaintiffs allege that each CRA received their dispute letters and
forwarded the information to each data furnisher or, in the
alternative, that the CRAs did not forward their disputes.

   Later in 2016, both Plaintiffs ordered a second credit report
to ensure that their accounts had been updated.  Dahlen did so in
July and Marino did so in September.  Dahlen "was pleased to
notice a significant amount of the inaccuracies had been updated
or removed" in his second report.  <u>Dahlen</u>, No. 16-5714, Compl.
¶ 98.  His Equifax score had risen sixty-eight points and his
TransUnion score had risen seventy-six points.  Marino does not
specify whether his score changed.  However, some of the alleged
inaccuracies in the first reports were still present in the
second.  Dahlen alleges his second report included a debt owed to
Defendant Wells Fargo Bank, N.A. as charged off, even though Wells
Fargo failed to file a proof of claim in his bankruptcy proceeding

and the trustee accordingly would not pay Wells Fargo.  He alleges Wells Fargo did not comply with the Metro-2 industry standard by reporting this debt as charged off.  Marino alleges that in his second report RoundPoint inaccurately reported a "failure to pay" on his account in the twenty-four month payment history even though he "has never missed a payment to Defendant."  Marino, No. 16-cv-6367, Docket No. 1, Compl. ¶ 111.  He also asserts that RoundPoint did not comply with the Metro-2 industry standard by reporting a failure to pay.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.

United States District Court
For the Northern District of California

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

<div align="center">DISCUSSION</div>

Both Plaintiffs bring two causes of action, one under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.,[2] and one under the California Consumer Credit Reporting Agencies Act (CCRAA), California Civil Code section 1785.1 et seq.  Dahlen and Marino bring the FCRA claim against their respective creditors, Wells Fargo and RoundPoint (Creditor Defendants).  Dahlen also brings a FCRA claim against Experian and Equifax, and Marino brings it against Experian (CRA Defendants).  Both Plaintiffs bring their CCRAA claim against only their respective Creditor Defendants.  Wells Fargo answered Dahlen's Complaint.  Equifax has neither moved to dismiss Dahlen's Complaint nor answered it.

Both Plaintiffs' claims as described in their Complaints depend primarily on the legal theory that it is inaccurate under the FCRA and the CCRAA to report a consumer's delinquent debts after the consumer's bankruptcy plan has been confirmed.  However, "courts in this district have consistently held that it is not misleading or inaccurate to report delinquent debts that have not been discharged."  Blakeney v. Experian Info. Sols., Inc., 2016 WL

_____

[2] All citations to U.S. Code sections are to Title 15 unless otherwise stated.

United States District Court
For the Northern District of California

4270244, at *5 (N.D. Cal.) (collecting cases); see also Jaras v. Experian Info. Sols., Inc., 2016 WL 7337540, at *3 (N.D. Cal.); Mortimer v. Bank of Am., Nat'l Ass'n, 2013 WL 1501452, at *4 (N.D. Cal.).  "[E]ven if a confirmation order constitutes a final judgment, it constitutes a final judgment only as to 'the manner in which the debtor will discharge his financial obligations,' not the legal validity of the debt."  Jaras, 2016 WL 7337540, at *4 (citation omitted); see also Mestayer v. Experian Info. Sols., Inc., 2016 WL 631980, at *3 (N.D. Cal.); Biggs v. Experian Info. Sols., Inc., 2016 WL 5235043, at *2 (N.D. Cal.); Adkins v. Experian Info. Sols., Inc., 2016 WL 6841700, at *2 (N.D. Cal.). Furthermore, "[i]f a debtor fails to comply with the Chapter 13 plan, the debtor's bankruptcy petition may be dismissed and the debtor will then owe the entirety of the debt."  Jaras, 2016 WL 7337540 at *4 (citing 11 U.S.C. § 1307(c)(6)).  "While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."  Mortimer v. JP Morgan Chase Bank, Nat'l Ass'n, 2012 WL 3155563, at *3 (N.D. Cal.).

Both Plaintiffs also point out that reporting a delinquency during the pendency of a bankruptcy proceeding violates certain credit industry reporting standards.  However, neither Plaintiff alleges that this is inherently inaccurate under the FCRA or provides any authority to that effect, and case law indicates the contrary.  See Mestayer, 2016 WL 631980, at *4 (finding CCCRA inaccurate reporting claim failed in part because plaintiff "failed to point to any authority indicating that a failure to

7

comply with an industry standard is a failure to comply with the law"); Mortimer v. Bank of Am., Nat'l Ass'n, 2013 WL 1501452, at *12; Giovanni v. Bank of Am., Nat'l Ass'n, 2013 WL 1663335, at *6 (N.D. Cal.).

Because the CCRAA is substantially based on the FCRA, judicial interpretation of the latter is persuasive as to the former, and the rule that it is not inaccurate to report delinquent debts prior to discharge applies in the CCRAA context. Blakeney, 2016 WL 4270244, at *6. Accordingly, to the extent Plaintiffs' claims rely on this theory they fail as a matter of law.

At the hearing, Plaintiffs' counsel explained that the only inaccuracy Dahlen now wishes to allege is a failure to report the fact of his bankruptcy. Courts in this district have indicated that this may constitute an inaccuracy under the FCRA. See Doster v. Experian Info. Sols., Inc., 2017 WL 264401 at *6 (N.D. Cal.); Connors v. Experian Info. Sols., Inc., 2017 WL 168493, at *5 (N.D. Cal.); Keller v. Experian Info. Sols., Inc., 2017 WL 130285, at *8 (N.D. Cal.); Devincenzi v. Experian Info. Sols., Inc., 2017 WL 86131 (N.D. Cal.). Counsel conceded that Marino does not allege that RoundPoint failed to report the fact of his bankruptcy; his theory is an inaccuracy unrelated to his bankruptcy. It is not clear whether Marino wishes to allege that Experian failed to report the fact of his bankruptcy.

I.   Fair Credit Reporting Act

A. Defendants' State of Mind

The FCRA creates a private right of action only for willful or negligent noncompliance with its requirements.  §§ 1681n

(willful), o (negligent); <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1154 (9th Cir. 2009).  A plaintiff may recover actual or statutory damages, as well as punitive damages and attorneys' fees, for willful noncompliance, § 1681n, but only actual damages for negligent noncompliance, § 1681o.

<div align="center">1.    Willfulness</div>

A plaintiff may demonstrate "willfulness" by showing a "reckless disregard" of statutory duty.  <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 56-60 (2007).  Willfulness "may be alleged generally."  Fed. R. Civ. P. 9(b).  As noted above, both Plaintiffs plead generally that all Defendants acted willfully or at least recklessly.

Marino adequately pleads that Creditor Defendant RoundPoint acted willfully and RoundPoint does not challenge Marino's Complaint on this basis.

Both Plaintiffs adequately plead that CRA Defendant Experian acted willfully.  Experian argues that Plaintiffs' allegations rely on the legal theory rejected above and accordingly do not allege that its reporting was actually inaccurate, let alone willfully so.  Experian further argues that even if Plaintiffs were correct that it was reporting inaccurately, under <u>Safeco</u> they would need to show that it relied on an "objectively unreasonable" reading of the FCRA to show a reckless disregard of the statutory requirements.  <u>Safeco</u>, 551 U.S. at 69-70.  However, as noted, both Plaintiffs plead that CRA Defendants simply did not send all relevant information to furnishers in response to the Plaintiffs' disputes, a facial violation of the requirement in § 1681i(a)(2) that CRAs notify furnishers of consumers' disputes.  Failure to

<div style="writing-mode: vertical-rl"><b>United States District Court</b><br>For the Northern District of California</div>

United States District Court
For the Northern District of California

send notice of the dispute to furnishers would also constitute a straightforward violation of the reinvestigation requirement in § 1681i(a)(1) because one of the basic elements of a reinvestigation is to notify furnishers of a dispute. See White v. Trans Union, LLC, 462 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006). Thus, both Plaintiffs' allegations that Experian failed to forward their disputes to the furnishers is alone sufficient to imply that any such failure was a willful violation of both § 1681i(a)(1) and § 1681i(a)(2). See King v. Bank of America, Nat'l Ass'n, 2012 WL 4685993, at *6 (N.D. Cal.). However, neither Plaintiff pleads sufficient facts to support an inference that Experian did fail to notify furnishers of Plaintiffs' disputes.

Accordingly, both Plaintiffs' claims against Experian of willful noncompliance under § 1681n must be dismissed with leave to amend to reassert the claims supported by sufficient factual allegations. And although Marino adequately plead Roundpoint's willfulness, his claim against RoundPoint must be dismissed for the reasons set forth below.

### 2.    Negligence

Because a plaintiff may only recover actual damages for negligent noncompliance, § 1681o, courts have "required a plaintiff to plead actual damages in order to allege an FCRA claim based on a negligent violation." Mortimer v. Bank of Am., Nat'l Ass'n, 2013 WL 1501452, at *9 (collecting cases).

Both Plaintiffs plead that as a "direct and proximate result of Defendants' willful and untrue communications" they have suffered "actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports

United States District Court
For the Northern District of California

from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial." Dahlen, No. 16-cv-5714, Docket No. 1, Compl. ¶ 136; Marino, No. 16-cv-6367, Docket No. 1, Compl. ¶ 149.

Both Plaintiffs have alleged sufficient actual damages under the FCRA. In Saenz v. Trans Union, LLC, 621 F. Supp. 2d 1074, 1085 (D. Or. 2007), the plaintiff had "requested copies of his credit report in order to ascertain whether Trans Union had removed the disputed information, and incurred costs for copying and faxing the documentary evidence he provided in connection with his disputes." Id. at 1084. The court found, "These out-of-pocket costs constitute cognizable economic damages for FCRA purposes." Id. Here, both Plaintiffs plead that they ordered second credit reports, spent time reviewing them with counsel, and spent time drafting their dispute letters; the first and third of these allegations are supported by their separate factual pleadings. These alleged damages are sufficient to state a claim under the FCRA.

Plaintiffs' other two damages allegations--inability to reorganize and diminished credit--add nothing. Neither Plaintiff explains what sort of injury it is to be unable to "properly" reorganize under Chapter 13. From Plaintiffs' claim of diminished credit scores, the Court could infer diminished access to credit. And an actual denial of credit is not a prerequisite to recovery under FCRA. Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995). Nonetheless, both Plaintiffs' allegations of diminished access are conclusory at best. As noted

above, Dahlen pleads that his credit score improved between his first and second reports, and Marino does not allege that his score was affected.  They simply do not plead sufficient facts from which the Court can infer that this damage took place and was the result of Defendants' actions.

In sum, both Plaintiffs adequately plead they have suffered actual damages necessary to support a private right of action under § 1681o.

## B. Furnishers' Duties Under § 1681s-2(b)

The "FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." Gorman, 584 F.3d at 1153 (quoting Safeco, 551 U.S. at 52).  Creditor Defendant RoundPoint moves to dismiss Marino's claims against it.[3]  The FCRA provides that, after receiving a notice of dispute from a CRA, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . .;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . .; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . . (i) modify . . . (ii) delete [or] (iii) permanently block the reporting of that item of information [to the CRAs].

---

[3] As mentioned, Wells Fargo has not moved to dismiss Dahlen's Complaint; however, Dahlen's claims against Wells Fargo suffer from some of the same deficiencies as Marino's claims against RoundPoint.

**United States District Court**
For the Northern District of California

§ 1681s-2(b)(1); see also Gorman, 584 F.3d at 1154.

Marino alleges that RoundPoint violated § 1681s-2(b) in two ways: first, by failing to conduct a reasonable investigation into the information Marino disputed, and second, by re-reporting inaccurate information.

<div align="center">

1.    Reasonable Investigation Into Disputed
Information

</div>

"To state a claim under the FCRA against the Defendants as a furnisher of credit information, the Plaintiff must allege that: (1) he contacted the CRA; (2) the CRA pursued the claim; and (3) the CRA contacted the Defendants regarding the dispute, triggering the Defendants' duty to investigate." Mortimer v. Bank of Am., Nat'l Ass'n, 2013 WL 1501452, at *8 (citation omitted).  Whether an investigation "conducted by a furnisher in response to a consumer's notice of dispute is reasonable depends in large part on the allegations provided to the furnisher by the credit reporting agency." Gorman, 584 F.3d at 1160 (citation and alterations omitted).

As discussed above, Marino alleges that his dispute letter challenged the manner in which his bankruptcy was being reported, which does not allege an actual inaccuracy.  He also alleges that he asserted in his dispute letter that some accounts may not have reported the fact of his bankruptcy at all.  As discussed above, this may constitute an inaccuracy under the FCRA.  However, Marino does not plead that his letter specified that RoundPoint was failing to report the fact of his bankruptcy.  Marino does not allege that his dispute letter alleged other inaccuracies, specifically, his payments to RoundPoint.

**United States District Court**
For the Northern District of California

However, the only inaccuracy Marino now alleges in his second credit report was the inaccurate reporting of a failure to pay on his RoundPoint account.  This alleged inaccuracy is independent of his bankruptcy.  Because Marino does not allege that his dispute letter raised any actual inaccuracy on RoundPoint's part, he has not adequately plead that RoundPoint failed to investigate.

### 2.   Re-reporting Inaccurate Information

A private plaintiff may bring a claim against a creditor for failing to correct its reporting of "incomplete or inaccurate" credit information after investigation.  Gorman, 584 F.3d at 1162; see also Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012) ("The most thorough investigation means nothing, however, if the results of the investigation are not put to good use.").

Marino alleges that, after receiving notice of his dispute, RoundPoint violated § 1681s-2(b) by re-reporting inaccurate account information to the CRAs concerning his alleged failure to pay, resulting in an actual inaccuracy in his second report.  However, Marino does not allege that this inaccuracy was present in his first credit report or that he raised the inaccuracy in his dispute letter.  The FCRA does not provide a private right of action to enforce furnishers' independent duty under § 1681s-2(a) to provide accurate information.  § 1681s-2(c)(1).  Furthermore, Marino's pleading concerning the inaccuracy lacks sufficient specificity.  For example, he does not provide the terms of the debt or allege that he consistently made timely payments pursuant to those terms.

**United States District Court**
For the Northern District of California

In sum, Marino's § 1681s-2(b) claim must be DISMISSED.  If Marino can truthfully allege that he raised actual inaccuracies concerning RoundPoint's reporting in his dispute letter, he may be able to state a claim against RoundPoint for failing to investigate those inaccuracies.  Accordingly, Marino's allegations that RoundPoint failed to conduct a reasonable investigation are dismissed WITH LEAVE TO AMEND to reassert the claim based on actual inaccuracies, if any, raised in his dispute letter, if he can do so without contradicting any of the allegations in his original Complaint.  Marino's re-reporting claim is likewise dismissed WITH LEAVE TO AMEND to reassert the claim based on actual inaccuracies, if any, raised in his dispute letter, if he can do so without contradicting any of the allegations in his original Complaint.  Marino must include a clear statement of the terms of the debt and the facts of his consistent timely payments according to those terms.  Attaching a copy of his dispute letter to the Amended Complaint would be an efficient way of pleading what it said.

### C. CRAs' Duties Under § 1681i

The FCRA requires CRAs, in response to a dispute by a consumer, to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within thirty days of receiving notice of the consumer's dispute.  § 1681i(a)(1)(A).

> In order to state a claim for negligent violation of section 1681i, Plaintiff must establish that: 1) his credit files contained inaccurate or incomplete information; 2) he directly notified Defendant of the inaccuracy; 3) the dispute

is not frivolous or irrelevant; 4) Defendant failed to respond to the dispute; and 5) Defendant's failure to reinvestigate caused Plaintiff to suffer actual damages. Taylor v. First Advantage Background Servs. Corp., 2016 WL 4762268, at *5 (N.D. Cal.). The same allegations are required for a claim of willful violation except for actual damages. See Saenz, 621 F. Supp. 2d at 1082. Section 1681i also requires that within five days of receiving notice of the consumer's dispute, CRAs must "provide notification of the dispute to any person who provided any item of information in dispute." § 1681i(a)(2). The Ninth Circuit has held that in order to state a claim against a CRA under § 1681i, a plaintiff must identify an actual inaccuracy in the credit report. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010).

Both Plaintiffs allege separate violations of both of the subsections cited above. Both Plaintiffs allege that the CRAs failed to conduct reasonable reinvestigations in response to their disputes. As explained above, Dahlen now wishes to allege only that his second report failed to report the fact of his bankruptcy; however, he does not allege this in his Complaint. Furthermore, although Dahlen's dispute letter alleged that some creditors' accounts were not reporting the fact of his bankruptcy, he does not allege his dispute letter identified which creditors' accounts were reporting this way or that Experian did so. Marino may now wish to allege that his second report failed to report the fact of his bankruptcy. Such an allegation would suffer from the same deficiencies as Dahlen's. Marino also wishes to allege that his second report inaccurately listed a failure to pay on his RoundPoint account. Marino does not allege that his dispute

United States District Court
For the Northern District of California

letter stated that he was current on his debt to RoundPoint. Accordingly, neither Plaintiff adequately pleads that his dispute letter adequately identified an actual inaccuracy sufficient to trigger Experian's duty to reinvestigate.

Furthermore, neither Plaintiff adequately pleads that Experian failed to conduct reasonable reinvestigations in response to their disputes.  In their pleadings on this point, both Plaintiffs make two arguments.  First, they claim, in the alternative to allegations elsewhere, that the CRAs failed to reinvestigate their disputes in that they failed to notify the furnishers.  They assert that "the most basic investigation required each CRA to send all relevant information via an ACDV to the furnishers which they did not do."  Dahlen, No. 16-cv-5714, Docket No. 1, Compl. ¶ 114; Marino, No. 16-cv-6367, Docket No. 1, Compl. ¶ 126.  This alternative pleading is conclusory.  Neither Plaintiff pleads any facts from which to infer that Experian failed to notify furnishers.  Neither Plaintiff identifies what relevant information from their dispute letters Experian allegedly failed to transmit to furnishers.

Both Plaintiffs also argue that each CRA had an independent duty under § 1681i(a)(1) to conduct a reasonable reinvestigation. Both Plaintiffs argue that CRAs are not "passive" entities "bound to report whatever information a [furnisher] provides" and that they can and do suppress inaccurate information.  Dahlen, No. 16-cv-5714, Docket No. 1, Compl. ¶ 117; Marino, No. 16-cv-6367, Docket No. 1, Compl. ¶ 129.  Both Plaintiffs assert that CRAs are familiar with credit reporting standards and instruct furnishers on how properly to report information when consumers are in

United States District Court
For the Northern District of California

bankruptcy.  Both Plaintiffs appear to allege that Experian was required to reanalyze the information provided by furnishers and, regardless of how it was reported in, to report it out only in a way that conforms with credit reporting standards.  Experian argues that Plaintiffs are essentially asking the CRAs to review and determine the legal implications of Chapter 13 plans.  The Ninth Circuit has held that the fundamental flaw in a "conception of the reinvestigation duty" requiring legal analysis "is that credit reporting agencies are not tribunals.  They simply collect and report information furnished by others."  Carvalho, 629 F.3d at 891.  Accordingly, the Court finds Experian was not under an independent duty under § 1681i(a)(1) to conform its reporting to Plaintiffs' bankruptcy plans.

Experian also argues that neither Plaintiff demonstrates that Experian is bound by Plaintiffs' confirmed plans in a way that requires Experian to report debts as they may be modified under the plan.  This argument was addressed above.  As discussed, it is not inaccurate to report delinquent debts during the pendency of a bankruptcy prior to discharge.  See Blakeney, 2016 WL 4270244, at *5.

Experian correctly points out that neither Plaintiff pleads that Experian in particular violated the FCRA; both Plaintiffs plead that they ordered reports from Experian, but not that Experian was the CRA that reported the allegedly inaccurate information.

For the foregoing reasons, Dahlen and Marino's § 1681i claims against Experian must be DISMISSED.  Both Plaintiffs' allegations that Experian violated § 1681i(a)(1)(A) by failing to

reinvestigate are inadequately plead because they do not allege that their dispute letters raised inaccuracies other than those based entirely on an invalid legal theory.  Both Plaintiffs' allegations that Experian violated § 1681i(a)(2) by failing to notify furnishers are inadequately plead because the pleadings are conclusory.  Accordingly, the claims are dismissed WITH LEAVE TO AMEND.  In any Amended Complaint, Plaintiffs may reassert the allegations of a failure to reinvestigate if Plaintiffs can allege actual inaccuracies that they identified in their dispute letters.  As Plaintiffs' counsel explained at the hearing, the actual inaccuracies in question are the failure to report the fact of Plaintiffs' bankruptcies, and in Marino's case an assertion that his debt to RoundPoint was delinquent.  Plaintiffs may reassert the allegations of a failure to notify furnishers if they can plead facts supporting a reasonable inference that Experian failed to do so.  The allegations in any Amended Complaint may not contradict the allegations in Plaintiffs' original Complaints.

II.   California's Consumer Credit Reporting Agencies Act

Under the CCRAA, it is unlawful to "furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  A claim under the CCRAA must be based on an actual inaccuracy that renders the report "patently incorrect or materially misleading."  Carvalho, 629 F.3d at 889-91.  As discussed, it is not inherently inaccurate to report a debtor's delinquent debts during the pendency of a bankruptcy proceeding.

United States District Court
For the Northern District of California

Marino alleges RoundPoint violated the CCRAA in two ways. First, he alleges that RoundPoint violated section 1785.25(a) by knowingly reporting inaccurate information.  However, as described above, Marino does not unambiguously plead that he was always current on all the terms of the debt he owed to RoundPoint.  He must include a clear statement of the terms of the debt and the facts of his consistent timely payments according to those terms. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND consistently with this Order, if Marino can do so without contradicting any of the allegations of the original Complaint.

Second, Marino alleges that RoundPoint failed to notify the CRAs that the information was incorrect within thirty days of receiving notice of his dispute, in violation of section 1785.25(f).[4]  Claims under this subsection are preempted by the FCRA.  Carvalho, 629 F.3d at 889.  Accordingly, this claim is DISMISSED WITHOUT LEAVE TO AMEND.

CONCLUSION

For the foregoing reasons, Experian and RoundPoint's Motions to Dismiss are GRANTED (No. 16-cv-5712, Docket No. 48 (Experian as to Marino); No. 16-cv-5714, Docket No. 19 (Experian as to Dahlen); No. 16-cv-6367, Docket No. 10 (RoundPoint as to Marino). Dismissal is WITH LEAVE TO AMEND consistently with this Order. Plaintiffs may amend only as specifically allowed in this Order. Any additional amendments must be supported by a motion for leave

---

[4] Plaintiffs cite section 1785.25(a) for this claim; however, this requirement is found in subsection (f).

**United States District Court**
For the Northern District of California

to amend.  Any Amended Complaint permitted by this Order must be filed within twenty-one days of the date of this Order.

Fair v. Experian Information Solutions, et al., No. 16-cv-5712 is dismissed with prejudice, terminating motions to dismiss filed by Defendants Experian (Docket No. 20), Equifax (Docket No. 23) and Verizon (Docket No. 36) in that case; and Smith v. Experian Information Solutions, et al., No. 16-cv-6382 is also dismissed with prejudice, terminating a motion to dismiss filed by Defendant Bank of America (Docket No. 28) and rendering moot Bank of America's Request for Judicial Notice (Docket No. 29) in that case, as well as terminating the motion to dismiss filed by Experian against Smith in Fair, No. 16-cv-5712 (Docket No. 48).

IT IS SO ORDERED.

Dated: March 29, 2017

_____
CLAUDIA WILKEN
United States District Judge

21